### RESNICK v. LEHIGH VALLEY R. CO.

United States District Court
S. D. New York.
Jan. 5, 1951.

Samuel M. Cole, New York City, for plaintiff.

Alexander & Green, New York City, for defendant.

WEINFELD, District Judge.

Plaintiff by order to show cause returnable January 2, 1951, seeks an order excusing his default for failure to file a notice of appeal within the thirty-day period as required under Rule 73(a) of Rules of Civil Procedure, 28 U.S.C.A., and for leave forthwith to file such notice of appeal.

Upon the return date counsel appearing for the defendant requested an adjournment of the motion which was granted upon his express representation that no issue would be raised with respect to elapsed time after January 2, 1951, by reason of such adjournment and that the motion and the plaintiff's rights be determined as of January 2, 1951. The argument of the motion, accordingly, was adjourned to January 5, 1951, on which day it was heard. However, the defendant contends that even January 2, 1951, was beyond the last date as to which the Court had jurisdiction to grant the extension of time to appeal in the event excusable neglect were shown.

■ The Court is of the opinion that the plaintiff should not be deprived of an opportunity to appeal from the adverse judgment by reason of the confusion which appears to have existed between the attorney of record and trial counsel with respect to the notice of entry of judgment and the expiration date for the filing of a timely appeal. Trial counsel who was in active charge of the matter states that he did not receive notice of entry of the judgment until December 27, 1950, after the time to appeal had expired, whereupon he promptly secured the order to show cause for the relief requested herein. There is no claim that the attorney of record did not receive the notice of entry of judgment, which was entered on November 1, 1950. The Court finds that upon all the facts there is a showing of excusable neglect.

There still remains the question as to whether or not the filing of the appeal on January 2, 1951, is within the additional thirty-day period referred to in Rule 73.

It is the defendant's claim that the Court's power to grant any extension expired on December 31, 1950. Under ordinary circumstances this would be correct. The judgment was entered on November 1, 1950, and the time for the plaintiff to appeal expired on December 1, 1950. Under Rule 73(a), the Court, upon a showing of excusable neglect based on the failure of a party to learn of the entry of the judgment, is empowered to extend the time for appeal not exceeding thirty days from the expiration of the original time prescribed under the rule, thereby making the expiration date in this instance December 31, 1950. However, the latter day was a Sunday and the next day, January 1, 1951, a legal holiday.

Under the provisions of Rule 6(a), December 31, 1950, being a Sunday, is not to be included and, therefore, the period ran until "the end of the next day which is neither a Sunday nor a holiday", namely January 2, 1951. It was on December 29, 1950, that the plaintiff applied for and obtained the present order to show cause, which was made returnable on the first available court date, January 2, 1951.

■ The Court is aware that under the provisions of Rule 6(b) it is without power to extend the time for taking any action

under Rule 73(a). Thus, the Court cannot enlarge the prescribed period beyond January 2, 1951. However, in view of the express representation made by defendant's counsel, which was the sole condition upon which this Court granted the application for adjournment, to the date hereof, the present motion is deemed decided as of January 2, 1951, and the plaintiff's notice of appeal filed as of that date. Had the adjournment not been granted the motion would have been heard and disposed of on the original return date, January 2, 1951, which date, and not December 31, 1950, as contended for by the defendant, was the last day to which an extension could have been granted.

The motion is granted and the notice of appeal attached to the moving papers is deemed filed as of January 2, 1951.