**WEBB TRANSFER LINE, INC., et al., Petitioners,**

v.

**Honorable Henry MEIGS, Judge of the Franklin Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Nov. 2, 1962.

---

Harry McChesney, Jr., Frankfort, for petitioner.

Marion Rider, Frankfort, for respondent.

George M. Catlett, Frankfort, for intervenor and Herbert D. Liebman, Frankfort, Ky.

WADDILL, Commissioner.

The sole question raised is whether respondent may exercise his discretion to grant or deny a request for an extension of time pursuant to CR 73.02(1) under the circumstances presented in this proceeding.

In a written memorandum opinion the respondent indicated that he is precluded from exercising discretion in view of the provisions of CR 77.04 and the fact that the petitioners signed a statement on a copy of the judgment waiving notice of its entry. Apparently respondent considered such waiver as foreclosing petitioners' right to an extension of time based on excusable neglect under CR 73.02(1).

Under the provisions of CR 73.-02(1) an appeal may be taken within 30 days from the entry of judgment. However, if a party fails to learn of the entry of judgment this rule permits the trial judge to extend the time for filing a notice of appeal for an additional 30 days upon a showing of excusable neglect made within 60 days of the entry of judgment. United Carbon Company v. Ramsey, Ky., (1961), 350 S.W.2d 454; Resnick v. Lehigh Valley R. Co., D.C., N.Y., 11 F.R.D. 76. This procedure is specifically recognized by the terms of CR 77.04, and nothing in that rule limits this right. Since the waiver in this case did not establish that petitioners had learned of the entry of the judgment, the only remaining question involved was whether petitioners' neglect was excusable. We have concluded that the waiver of notice of entry of judgment does not preclude the respondent from determining this issue of whether excusable neglect was shown.

Wherefore, respondent is directed to reconsider petitioners' motion for extension of time in accordance with the view herein expressed.