**Fulvio BABICH et al., Appellants,**

v.

**W. Dewey CLOWER et al., Appellees.**

**No. 74–1689.**

United States Court of Appeals,
Fourth Circuit.

Argued April 9, 1975.

Decided Sept. 22, 1975.

---

Leslie V. Dix, for appellants.

F. Gary Davis, McLean, Va. (Davis & Chopp, McLean, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The sole issue raised in this appeal is whether the district court erred in refusing to grant appellants' motion for an extension of time to file notice of appeal. We find that the failure of the appellants timely to file notice of appeal within the thirty-day time limit set by FRAP 4(a) was due to excusable neglect and that the extension of time should have been granted.[1]

Appellants (plaintiffs) brought suit against the appellees (defendants) seeking restitution and damages for an alleged fraudulent representation on the part of the appellees in connection with the purchase of stock by the appellants. The action was tried in the United States District Court for the Eastern District of Virginia, with the appellants represented by an attorney from Washington, D. C., who had associated local counsel in Fairfax, Virginia.

On October 26, 1973, the trial court dismissed the complaint of the plaintiffs. No notice of appeal was filed within the following thirty-day period set by FRAP 4(a). On December 11, 1973, trial counsel for the appellants (the Washington lawyer) filed a motion, with an accompanying affidavit, requesting an extension of time to file notice of appeal.

He stated in an affidavit filed with the motion that he did not receive official notice of the opinion and order of the court or a copy of the opinion and order from the court. He further stated that on November 29, 1973 a member of his staff called the office of the trial judge to inquire when a decision in the case could be expected. At that time, he first learned of the opinion and order of the trial court. He then called local counsel (the Fairfax lawyer) and received a copy of the opinion and order. In the affidavit, the Washington lawyer asserted that the Fairfax lawyer had received copies of the order and opinion but had not forwarded copies to the Washington lawyer because he (the Fairfax lawyer) believed the court had sent copies to the Washington lawyer. The allegation of the Washington lawyer that he did not receive copies of the opinion and order from the court is not contested, so we take it as stating the fact.

On December 12, 1973, appellees' counsel filed a motion in opposition to appellants' motion for extension of time to file notice of appeal. Appellees' counsel noted that Rule 7(D) of the Local Rules of Practice of the Eastern District of Virginia provides in part that service upon a resident associate of a foreign attorney is equivalent to service on the parties for whom he appears. Thus, timely service on appellants' local counsel was timely service on the appellants, it is argued.

On December 28, 1973, the trial court heard local (Fairfax) counsel for the appellants on the motion for extension of time. The motion was denied without prejudice. The trial court also stated that appellants should file a further motion setting forth their grounds of ap-

---

1. FRAP 4(a) provides in part:

"In a civil case . . . in which appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of judgment or order appealed from . . . .

\*    \*    \*    \*    \*    \*

"Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. . . ."

peal and the court would reconsider the motion. The trial court observed at that time that the Washington lawyer for the appellants should be present to make the motion.

On March 29, 1974, trial (Washington) counsel for the appellants attempted to have his motion heard for an extension of time to file notice of appeal. He had filed a renewed motion for an extension of time with a statement of the proposed grounds of appeal. The trial court declined to hear the motion because local (Fairfax) counsel for appellants and counsel for appellees were not present.

On May 3, 1974, the motion was presented with all counsel present. The trial court denied the motion.

Appellants' local (Fairfax) counsel stated that he had failed to act on the matter because he believed the appellants' Washington counsel, who was in charge of the litigation, had received notice of the order and opinion and would act thereon. This mistaken belief was based on the fact that appellants' local (Fairfax) counsel received a carbon copy of the order and opinion, and also the fact that the text of the order stated, "The Clerk will send a copy of this memorandum opinion and order to *all* counsel of record." (Emphasis added) Counsel of record in the action included appellants' out-of-state (Washington) trial counsel.

*Resnick v. Lehigh Valley R. Co.*, 11 F.R.D. 76 (S.D.N.Y.1951), involved a factual situation very similar to the case at hand. In *Resnick*, plaintiff's trial counsel, who was in active charge of the matter, did not receive notice of entry of judgment until the time to appeal had expired. There was no allegation that plaintiff's other attorney had not received timely notice. The court in *Resnick*, in response to a timely motion for extension of time to file notice of appeal, granted an extension. The court stated,

" . . . the plaintiff should not be deprived of an opportunity to appeal from the adverse judgment by reason of the confusion which appears to have existed between attorney of record and trial counsel with respect to the notice of entry of judgment and the expiration date for the filing of a timely appeal." 11 F.R.D. 76, 77. We see no reason this principle should not apply here.

In the case at hand, the failure of appellants' counsel to act was excusable neglect within the language of FRAP 4(a). The trial court's order called for a copy of the opinion and order to go to all counsel of record.[2] Had the court's order been carried out, then appellants' trial (Washington) counsel would have received timely notice of the opinion and order and had an opportunity to act.

We are unable to say that appellants' Fairfax attorney did not rely on the language of the court's order as he states in excusing the Washington lawyer's failure to act. Since the Washington lawyer was in charge of the litigation, the failure of the Fairfax lawyer to act and file notice of appeal was excusable neglect in view of the language used in the order and the failure to follow the court's direction. The Washington lawyer could not have taken action without knowledge of the court's decision.

Failure to learn of the entry of judgment is the principal ground on which extensions of time for appeal are granted. 9 *Moore's Federal Practice* ¶ 204.13, 2d ed. 1975. Upon the fact situation presented here, the plaintiffs, through no fault of their own, have been denied an opportunity to appeal. The failure of counsel to act was excusable neglect, and an extension of time should be granted. While Local Rule 7(D) does provide that service on a resident associate of a foreign attorney is equivalent to service on the parties for whom he appears, the language of the court's order was such

---

2. The principle in *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), although decided prior to the Federal Rules of Appellate Procedure, is in accord with our holding. As the court there stated, " . . . we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given." 320 U.S. 520, 523, 64 S.Ct. 334, 336, 88 L.Ed. 283.

that the Fairfax attorney might reasonably have believed that the opinion and order were mailed to appellants' Washington counsel, who was in charge of the litigation, regardless of the language of the local rule.

We express no opinion as to excusable neglect upon any set of facts than those presently before us.

Accordingly, the trial court's order denying appellants' motion for an extension of time to file a notice of appeal is vacated and the case is remanded to the district court for action not inconsistent with this opinion.

*Vacated and remanded.*