803 F.2d 1180
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christopher Wilson FERGUSON, Plaintiff-Appellant,
v.
Nathan A. RICE; David W. Chester; Attorney General of the
State of North Carolina, Defendants-Appellees.
 No. 86-6682.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 28, 1986.
Decided Oct. 20, 1986.
 
 Christopher Wilson Ferguson, appellant pro se.
 M.D.N.C.
 DISMISSED.
 Before HALL, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Christopher Wilson Ferguson, a North Carolina prisoner, appeals the district court's denial of his request for an extension of time to file a notice of appeal. Ferguson filed a petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254, challenging his state court conviction for rape. The district court dismissed the petition with prejudice and entered judgment on May 14, 1986. On June 23, 1986, Ferguson filed a motion requesting the district court to grant him an extension of time to file a notice of appeal. As a showing of excusable neglect, Ferguson represented to the district court that (1) "I place the blame upon the Federal Courts for not informing me that I had only 30 days"; and (2) "I was so disappointed in the judgment that I was weak and I simply lay in bed, helpless, weeping." On June 30, 1986, the district court denied the motion. On July 16, 1986, Ferguson noted a timely appeal to this denial.
 
 
 2
 Under Fed.R.App.P. 4(a)(1), an appeal must be noted within thirty days after the entry of judgment. Under Fed.R.App.P. 4(a)(5), a district court, upon a showing of excusable neglect, may extend the time for filing by an additional thirty days. Excusable neglect is to be found when a party receives no notice of an entry of judgment, or when extraordinary and/or unique circumstances occur. United States v. Commonwealth of Virginia, 508 F.Supp. 187, 192 (E.D.Va.1981). On appeal, this Court's review is limited to whether the district court abused its discretion in refusing to find excusable neglect. McGarr v. United States, 736 F.2d 912, 919 (3rd Cir.1984). Here we find no such abuse. Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, deny leave to proceed in forma pauperis, dispense with oral argument, and dismiss the appeal.
 
 
 3
 DISMISSED.