816 F.2d 674
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Alvin HILL, Defendant-Appellant.
 No. 86-7305.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 9, 1987.
Decided April 3, 1987.
 
 Before HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 James Alvin Hill, appellant pro se.
 Eric William Ruschky, Assistant United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 James Alvin Hill, a federal inmate, seeks to appeal the district court's denial of his Fed.R.Crim.P. 35 motion. We remand the matter for further proceedings and findings to address Hill's claim of excusable neglect for filing a late notice of appeal.
 
 
 2
 The district court's order denying Rule 35 relief was filed on January 17, 1986. Hill filed his pro se notice of appeal from that order on February 7, 1986, exceeding the ten-day time limit for appealing such rulings provided in Fed.R.App.P. 4(b). On March 24, 1986, Hill moved pro se for an extension of time, stating that on January 22, 1986, his attorney had mailed him a copy of the January 17 order, which he did not receive until January 27, 1986. The district court denied Hill's request for an extension of time on September 24, 1986, concluding that "[a]lthough the court may extend the defendant's time to file a notice of appeal upon a showing of excusable neglect, no such showing has been made."
 
 
 3
 Although an appeal from the denial of a Rule 35 motion must be made within ten days of the entry of the denial, a district court may, before or after the ten-day period has expired, upon a showing of excusable neglect, extend the time for filing a notice of appeal for a period "not to exceed 30 days from the expiration of [the 10 day period]." Fed.R.App.P. 4(b). Excusable neglect may be found when a party receives no notice of an entry of judgment, or when extraordinary and/or unique circumstances occur. See United States v. Commonwealth of Virginia, 508 F.Supp. 187, 192 (E.D.Va.1981). Excusable neglect has also been found in cases involving delayed mail deliveries. United States v. Reyes, 759 F.2d 351 (4th Cir.1985).
 
 
 4
 In this case, the district court failed to articulate any specific findings or reasoning to support its conclusion that no showing of excusable neglect had been made. In light of the fact that Hill appears not to have received notice of the order until ten days after it was entered, and in view of our cases finding excusable neglect where the delivery of mail has been delayed, we vacate the district court's order of September 24, 1986, and remand the matter for further consideration and more detailed findings.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 VACATED AND REMANDED.