David E. TURNER, Appellant,

v.

Sandy RUTA, Appellee.

No. 94–3077.

United States District Court,
C.D. Illinois,
Springfield Division.

Oct. 5, 1994.

Randall A. Wolter, Springfield, IL, for appellant.

Richard L. Heavner, Decatur, IL, for appellee.

## OPINION

RICHARD MILLS, District Judge:

Bankruptcy appeal.

From denial of Appellant's motion for extension of time to file notice of appeal.

### I. Background

On February 2, 1994, United States Bankruptcy Judge Larry Lessen ruled that Appellant's debt of $50,000 to Appellee was nondischargeable.

According to Appellant's counsel, Attorney Richard Wolter, he received a copy of the order on February 4, 1994 and mailed a copy to the Appellant in Florida on the same day. On February 9, 1994, Mr. Wolter left for California and did not return to Illinois until February 16, 1994. Mr. Wolter claims that prior to mailing the copy of the order, he verbally told the Appellant that he had ten days in which to file an appeal. On February 11, 1994, Appellant called Mr. Wolter's office and was informed that Mr. Wolter was in California. The Appellant then spoke to an associate in Mr. Wolter's firm who mistakenly informed him that he had more than ten days in which to file an appeal. On February 18, 1994, two days after returning from California and six days after the initial ten-day period, Mr. Wolter filed a motion for an extension of time pursuant to Bankruptcy Rule 8002(c).

Bankruptcy Rule 8002(c) provides that a notice of an appeal can be filed after ten days only if a request for an extension is filed before the initial ten-day period lapses or within twenty days after the expiration of the ten-day period upon a showing of "excusable neglect." Fed.R.Bankr.P. 8002(c).

Judge Lessen held that there was not a sufficient showing of excusable neglect and denied the motion.

### II. Analysis

█ In reviewing the decision of a U.S. Bankruptcy Court that involves questions of law, the standard of review applied by the District Court shall be a *de novo* review of the Bankruptcy Court's conclusions of law. *In re Volle Electric, Inc.*, 139 B.R. 451, 453 (C.D.Ill.1992). However, findings of fact made by a Bankruptcy Court will be reversed by a District Court only if the findings are clearly erroneous. *In re Newman*, 903 F.2d 1150, 1152 (7th Cir.1990). Judge Lessen's holding that the Appellant's conduct did not constitute excusable neglect is a question of fact. *In re Shields*, 150 B.R. 259, 261 (D.Colo.1993). The legal standard used to determine excusable neglect, however, is a question of law. *See In re Love*, 957 F.2d 1350, 1354 (7th Cir.1992) (explaining that lower courts' conclusions regarding legal standards are questions of law).

### A.

█ There is a split of authority as to the meaning of "excusable neglect" in the context of Bankruptcy Rule 8002. *Compare In re Pyramid Energy, Ltd.*, 165 B.R. 249 (Bankr. S.D.Ill.1994) *with In re Mowers*, 160 B.R. 720 (Bankr.N.D.N.Y.1993). The split occurred following the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *Pioneer*, the Supreme Court established a lenient standard to determine if excusable neglect exists in the context of Bankruptcy Rule 9006(b)(1). *Id.* at ——, 113 S.Ct. at 1498.[1] The Court explained, "that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

Judge Lessen held that the standard announced in *Pioneer* was not applicable to Bankruptcy Rule 8002. Judge Lessen based his decision on language in *Pioneer* seemingly excluding Bankruptcy Rule 8002, the plain meaning of Bankruptcy Rule 9006(b)(3), and

---

**1.** Prior to *Pioneer*, the excusable neglect standard in Rule 8002 was generally considered to be strict and narrowly construed. *In re Shields*, 150 B.R. 259, 263 (D.Colo.1993); *In re Running*,

1992 WL 101717 (N.D.Ill.); *In re General Electro Components, Inc.*, 113 B.R. 122, 123 (Bankr. D.Conn.1990); *In re Dayton Circuit Courts # 2*, 85 B.R. 51, 53–56 (Bankr.S.D.Ohio 1988).

policy considerations underlying Bankruptcy Rule 8002.

> In pertinent part, Note 4 of *Pioneer* reads: The time-computation and -extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard.

*Pioneer*, —— U.S. at ——, 113 S.Ct. at 1495, n. 4.

Bankruptcy Rule 9006(b)(3) states that a court may enlarge the time period under Rule 8002 and other listed Rules "only to the extent and under the conditions stated in those rules." Fed.R.Bankr.P. 9006(b)(3). Thus, by its terms, Rule 9006(b)(3) appears to exclude Rule 8002 from the holding in *Pioneer*.

Additionally, different policy considerations support Rules 8002 and 9006. As noted by one bankruptcy court:

> [T]he policy considerations cited by the Supreme Court as supporting its determination to apply a more liberal "excusable neglect" standard under Fed.R.Bankr.P. 9006(b)(1) in the context of a late filed proof of claim under Fed.R.Bankr.P. 3003(c), to wit, "avoiding forfeitures by creditors", *id.* at ——, 113 S.Ct. at 1495, are not generally supportive of the abbreviated time constraints for filing a notice of appeal in bankruptcy which are jurisdictional in nature and serve to "[assure] prompt appellate review, often important in the administration of a case under the Code", *see* Advisory Committee Note on Fed.R.Bankr.P. 8002, Norton Bankr.Rules Pamphlet 1992–93 Ed. p. 532, and which also "provide a definite point at which, in the absence of a notice of appeal, litigation will close." *See 650 Park Ave. Corp. v. McRae, supra,* 836 F.2d [764], at 766 [ (2nd Cir.1988) ] (citation omitted). Given this distinction, the Court concludes that the term "excusable neglect" may be subject to differing interpretations depending upon the procedural framework in which it is to be applied.

*In re Mowers,* 160 B.R. 720, 724 (Bankr. N.D.N.Y.1993).

On the other hand, Appellant argues that the *Pioneer* standard does apply to Rule 8002. In support, he notes that Footnote 4 in *Pioneer* does not specifically exclude Rule 8002, that the Supreme Court in *Pioneer* specifically mentions excusable neglect in the context of other rules—Fed.R.Civ.P. 6(b), 13(f), and 60(b)—without mentioning Rule 8002, and that Rule 9006(b)(3) merely states that time may be enlarged in Rule 8002 cases only if Rule 8002 provides for enlargement.

More persuasive is the fact that "[t]he excusable neglect language of Rule 4(a)(5) [Federal Rules of Appellate Procedure] and Rule 8002 are identical, as is the appellate procedure policy behind both rules." *In re Springfield Contracting Corp.,* 156 B.R. 761, 765 (Bankr.E.D.Va.1993). This is important because in Footnote 3 of *Pioneer* the Supreme Court implies that it is resolving the split in the lower courts concerning Rule 4(a)(5) of the Federal Rules of Appellate Procedure as well as Rule 9006(b)(1). *Pioneer,* —— U.S. at —— n. 3, 113 S.Ct. at 1494 n. 3. *See United States v. Hooper,* 9 F.3d 257, 258 (2d Cir.1993) (noting that the more lenient standard announced in *Pioneer* supersedes previous interpretations of excusable neglect under Fed.R.App.P. 4).

Because the same policy considerations support both Bankruptcy Rule 8002 and Fed. R.App.P. 4, the standard used for determining excusable neglect should be the same for both. Therefore, if the *Pioneer* standard applies to Fed.R.App.P. 4, it should also apply to Bankruptcy Rule 8002. Thus, Judge Lessen should have utilized the more lenient *Pioneer* standard.

### B.

 Deciding that the *Pioneer* standard applies to Bankruptcy Rule 8002, however, does not end the inquiry because Judge Lessen also held that the Appellant's conduct did not constitute excusable neglect under the *Pioneer* standard. He based his decision on the fact that clients are held accountable for the acts and omissions of their attorneys. *See Pioneer,* —— U.S. at ——, 113 S.Ct. at

1499. Specifically, it was not excusable neglect for Mr. Wolter's associate to instruct the Appellant that he had more than ten days in which to file an appeal. As noted by one bankruptcy court, "ignorance of the rules, a mistake in construing the rules, or a conscious disregard of the rules ... would not be 'neglect' even under the liberal *Pioneer* standard." *In re Springfield Contracting Corp.*, 156 B.R. at 767.

Appellant attempts to deflect the impact of relying on the associate's advice by arguing that only Mr. Wolter is required to satisfy the excusable neglect standard. In support, he cites *J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp.*, 96 B.R. 479 (D.N.J.1989). In *J.P. Fyfe*, two attorneys for the Appellant failed to file an appeal within ten days after another attorney in their firm, who was not working on the bankruptcy case, failed to pass on an instruction from one of the attorneys to the other to file the appeal. *Id.* at 481. The need for the intermediary arose because one of the attorneys of record became extremely ill. *Id.* Under the circumstances, the Court held that "where an attorney has acquired the sole responsibility for filing a notice of appeal, only he may fairly be required to satisfy Rule 4(a)(5)." *Id.* at 483.

Unfortunately for the Appellant, his situation is not the same as the one in *J.P. Fyfe*. Specifically, in *J.P. Fyfe* the Court emphasized that the client never actually relied upon the attorney who made the error. *Id.* Conversely, in this case the Appellant did rely on Mr. Wolter's associate when he talked to him on the phone and was informed that he had more than ten days in which to file an appeal. When the associate talked to the appellant on the phone, he was acting as his attorney. As such, the associate's conduct is imputed to the Appellant. *United States v. DiMucci*, 879 F.2d 1488, 1496 (7th Cir.1989). Furthermore, because Mr. Wolter's trip to California was "readily foreseeable," his failure to provide a contingency plan was not excusable neglect. *J.P. Fyfe*, 96 B.R. at 484.

Judge Lessen's determination that the conduct of the counsel for the Appellant was not excusable neglect under *Pioneer* was not clearly erroneous.

*Ergo,* for the above reasons, the decision of the United States Bankruptcy Court is AFFIRMED.