Jasper L. **LOWRY**, Plaintiff-Appellant,

v.

The **LONG ISLAND RAIL ROAD COM-PANY**, Defendant-Appellee.

No. 212, Docket 30782.

United States Court of Appeals
Second Circuit.

Argued Nov. 30, 1966.

Decided Dec. 30, 1966.

Milford J. Meyer, Philadelphia, Pa. (Lester Yudenfriend, New York City, on the brief), for plaintiff-appellant.

William F. McNulty, New York City (George M. Onken, Jamaica, N. Y., on the brief), for defendant-appellee.

Before MEDINA, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Jasper L. Lowry appeals from a January 26, 1966 judgment and a May 4, 1966 order of the United States District Court for the Southern District of New York, Charles H. Tenney, Judge, which respectively dismissed his complaint for insufficiency of evidence of negligence and causation and denied his motion for a new trial, and from an order of July 1, 1966 denying his petition for extension of time to appeal. We find no error in the denial of the petition for extension of time, affirm the order of denial and dismiss the appeal from the judgment dismissing the complaint and order denying new trial.

Appellant sued appellee, the Long Island Rail Road Company, under Sec. 51 of the Federal Employers' Liability Act, 45 U.S.C. § 51, for personal injuries sustained in the course of employment. At the close of plaintiff's case on trial, judgment was entered dismissing the action. Plaintiff timely filed a motion for new trial, which was denied on May 4, 1966. On June 29 plaintiff moved for extension of time to appeal, alleging that no notice of the May 4 order was received

by his counsel, and counsel first learned of its entry on June 13. Since more than 30 days elapsed between the denial on May 4, 1966 of plaintiff's motion for new trial and the filing of the notice of appeal July 1, 1966, the appeal on the merits is untimely and must be dismissed unless this court finds error in the July 1, 1966 denial of the petition for extension of time in which to appeal.

The petition for extension, apparently made June 29 and filed July 1, claimed excusable neglect, based on failure to learn of the May 4 denial until June 13. Judge Tenney denied the petition, assuming, although expressing some doubt on the question, that notice of entry of the May 4 judgment was not received in the mail and that first knowledge thereof came to plaintiff's counsel on June 13. In the absence of any explanation whatever of the 16-day delay after June 13, however, he refused to find excusable neglect and denied the extension. It is not clear whether any consideration was given to the amendment to Rule 73(a) F.R.Civ.P. which became effective July 1, 1966 and dropped the requirement that excusable neglect, to justify an extension, be founded on failure to learn of entry of judgment. However, it is quite plain that he considered the neglect, especially the added 16 days, inexcusable, whatever the basis in the Rule for the motion.

The sole question before us on the appeal from denial of the petition for extension is whether the denial was an abuse of judicial discretion. In Carroll v. American Federation of Musicians, 295 F.2d 484, 488 (2d Cir. 1961), we approved Chief Judge Magruder's formulation of the definition of abuse of discretion in In re Josephson, 218 F.2d 174, 182 (1st Cir. 1954):

> " 'Abuse of discretion' is a phrase which sounds worse than it really is. All it need mean is that, when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judg-

ment in the conclusion it reached upon a weighing of the relevant factors."

■ We fail to find any such clear error of judgment here. Counsel points to no justification for the final 16-day delay, which seems to demonstrate a complete disregard for the purpose of the Rules to require prompt action on appeals. On the record before us we cannot say that the neglect was clearly excusable. The order denying the petition for extension of time is affirmed The appeal from judgment dism'ssing the complaint and denying the motion for new trial is dismissed.