John **PEDEREAUX** and Mary Roberts

v.

John **DOE** and **V.I. Enterprises, Inc.**
**d/b/a Avis Rent-A-Car.**

Appeal of **V.I. ENTERPRISES, INC.,**
**d/b/a Avis Rent-A-Car.**

Nos. 84-3440, 84-3468.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(b)
June 17, 1985.

Decided June 27, 1985.

James L. Hymes, III, Charlotte Amalie, St. Thomas, Virgin Islands, for appellant.

Desmond L. Maynard, Law Offices of Desmond L. Maynard, Charlotte Amalie, St. Thomas, Virgin Islands, for appellees.

Before ALDISERT, Chief Judge, ADAMS and BECKER, Circuit Judges.

ALDISERT, Chief Judge.

This appeal requires us to decide whether the district court incorrectly interpreted Rule 4(a)(5), F.R.A.P., and abused its discretion in denying appellant's motion to extend the time in which a notice of appeal could be filed. We find no error and affirm.

## I.

This appeal emanates from a personal injury action in which the jury returned a verdict in favor of appellee. Appellant's motion for judgment n.o.v. was denied on March 23, 1984. Pursuant to Rule 4(a), F.R.A.P., the last day on which a notice of appeal could be timely filed was April 23, 1984.[1]

On April 20, 1984 the appellant's counsel's father, who was visiting the Virgin Islands, suffered an accident that required appellant's counsel to travel to California with his father to make arrangements for surgery. Counsel returned to the Virgin Islands on Friday, April 27, 1984, and on Wednesday, May 9, 1984, he filed a motion under Rule 4(a)(5) to extend the time in which to file a notice of appeal.[2] It is significant that he waited 12 days after his return to the Virgin Islands to file his motion. Counsel asserts his work load and other factors causing him inconvenience precluded filing the motion earlier. The district court denied the motion, and it is from this order that this appeal was taken.

## II.

Appellant makes two contentions. Appellant argues that the district court erred in determining that "excusable neglect" must be shown to have existed up to the time at which the Rule 4(a)(5) motion to extend was filed. Appellant thus contends that Rule 4(a)(5) provides an *absolute* 30 day grace period. Appellant also argues that the district court erred to the extent that it ruled that the period between April 20 and April 27 during which appellant's counsel attended to his father's medical needs did not comprise "excusable ne-

glect." Because resolution of the first issue is dispositive, we need not address appellant's second argument.

Our standard of review of the district court's denial of the Rule 4(a)(5) motion is mixed. Our review of the court's interpretation and application of Rule 4(a)(5) is plenary. We review the district court's denial of appellant's motion for extended time to file a notice of appeal for abuse of discretion.

## III.

Our limited task is to decide whether a movant under Rule 4(a)(5) must establish "excusable neglect" only in the first 30 day period established by Rule 4(a)(1), or whether "excusable neglect" also must be shown in the second 30 day period up to the time when a motion to extend is filed pursuant to Rule 4(a)(5). We reject appellant's contention that Rule 4(a)(5) provides an absolute 30 day grace period and hold that "excusable neglect" must be shown up to the actual time the motion to extend is filed.

In denying appellant's motion to extend, the district court stated:

Counsel for defendant avers that defendant's failure to timely file its notice of appeal was occasioned by a "severe debilitating accident" suffered by said counsel's father, which accident and ensuing "medical emergency" required counsel's undivided attention from Friday, April 20th through Friday, April 27th. As admirable as we may find this filial devotion, it does not excuse defendant's failure to file its notice of appeal between Friday, April 27th and Wednes-

---

1. Rule 4(a)(1) states in pertinent part:
   (a) **Appeals in Civil Cases.**
   (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

2. Rule 4(a)(5) states in pertinent part:
   The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

**52**

day, May 9th. That counsel spent much of the latter period preparing for the trial of other matters does not excuse the failure to attend to the insubstantial task of filing a notice of appeal.

We have discovered no court of appeals decision that has explicitly held that "excusable neglect" must be shown in both 30 day periods under Rule 4(a)(5) as a precondition to extending the time to file a notice of appeal. However, the Second Circuit tacitly adopted such an interpretation of Rule 73(a), F.R.Civ.P., the predecessor to Rule 4(a)(5). In *Lowry v. Long Island Rail Road Co.*, 370 F.2d 911 (2d Cir.1966), an appellant who had not learned of the district court's order dismissing his action until 39 days after the order was entered, waited an additional 16 days before filing a motion to extend the time for filing. The district court's denial of the motion was held to be within the court's discretion:

> In the absence of any explanation whatever of the 16 day delay after [counsel learned of the order], however, [the district court] refused to find excusable neglect and denied the extension.... It is quite plain that [the court] considered the neglect, especially the added 16 days, inexcusable.

*Id.* at 912. This is a common sense, pragmatic interpretation of Rule 4(a)(5). It promotes the salutary purpose of Rule 4(a) to ensure efficient and timely adjudication of appeals. It simply is not overly burdensome to require a putative appellant, who has already missed the 30 day or 60 day mandatory appeal date of Rule 4(a)(1) because of "excusable neglect," to file immediately a Rule 4(a)(5) motion to extend when the excuse no longer exists.

Accordingly, we conclude that the district court properly interpreted Rule 4(a)(5) and did not abuse its discretion in determining the appellant had not demonstrated "excusable neglect" between April 27 and May 9.

The judgment of the district court will be affirmed.