807 F.2d 175
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Robert BROWN, Defendant-Appellant.
 No. 86-5100.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1986.
 Decided Dec. 10, 1986.
 
 Before WIDENER, PHILLIPS and ERVIN, Circuit Judges.
 David Robert Brown, appellant pro se.
 Charles Robinson Brewer, Office of the U.S. Attorney, for appellee.
 PER CURIAM:
 
 
 1
 David Robert Brown appeals the district court's imposition of sentence on his 18 U.S.C. Sec. 1343 conviction pursuant to his guilty plea. Brown was sentenced on June 2, 1986; however, he did not file his notice of appeal until June 19, 1986.
 
 
 2
 Under Fed.R.App.P. (4)(b), notice of appeal in a criminal case must be filed in the district court within ten days from the entry of judgment. Upon a showing of excusable neglect, the district court may extend the time of filing by an additional thirty days. On July 1, 1986 Brown filed, in the district court, a request for an extension of time for filing his notice of appeal. The court subsequently denied the request, finding no excusable neglect for Brown's delay.
 
 
 3
 The question before this Court is whether the trial judge abused his discretion in denying Brown's request for an extension of time within which to note his appeal. Buckley v. United States, 382 F.2d 611 (10th Cir.1967), cert. denied, 390 U.S. 997 (1968); Lowry v. Long Island R.R., 370 F.2d 911 (2d Cir.1966); Nichols-Morris Corp. v. Morris, 279 F.2d 81 (2d Cir.1960). Brown's request for an extension gives no reasons for his delay in noting a timely appeal. The district court did not, therefore, abuse its discretion in refusing to find excusable neglect for the delay which would warrant granting an extension of time. Thus, this Court lacks jurisdiction to hear Brown's appeal.
 
 
 4
 Because the dispositive issues have recently been decided authoritatively we dispense with oral argument, grant the government's motion to dismiss, and dismiss the appeal for lack of jurisdiction.
 
 
 5
 DISMISSED.