CONSOLIDATED FREIGHTWAYS
CORPORATION OF DELAWARE,
a Delaware corp., Appellee,

v.

LARSON, Thomas D., Individually and in
his capacity as Secretary of Trans.,
Dept. of Transp. Comm. of Penna.;
Cochran, Jay Jr., Individually and in
his capacity as Commissioner of the
Penna. State Police; Zimmerman, Le-
roy S., individually and in his capacity
as Attorney General of the Comm. of
Penn.; Thornburgh, Richard, Individu-
ally and in his capacity as Governor of
the Comm. of Penna., Appellants.

No. 87–5122.

United States Court of Appeals,
Third Circuit.

Argued April 29, 1987.

Decided Aug. 28, 1987.

Leroy S. Zimmerman, Atty. Gen., John G. Knorr, III (argued), Sr. Deputy Atty. Gen., Andrew S. Gordon, Chief Deputy Atty. Gen., Harrisburg, Pa., for appellants.

Jack M. Stover, Shearer, Mette, Evans & Woodside, Harrisburg, Pa., John Duncan Varda, John H. Lederer (argued), Margaret A. Sattherthwaite, DeWitt, Porter, Huggett, Schumacher & Morgan, S.C., Madison, Wis., for appellee.

Before WEIS and STAPLETON, Circuit Judges, and SAROKIN,* District Judge.

---

\* Honorable H. Lee Sarokin, United States District Court for the District of New Jersey, sitting by designation.

1. Counsel for the defendants represents that it is the practice of the Office of the Attorney General to hand carry each day's filings to the Middle District's Clerk's Office in Harrisburg at the end of each business day. *See* Defendant's Motion to Extend Time for Filing Notice of Appeal, Appendix at 7a–8a.

**OPINION OF THE COURT**

SAROKIN, District Judge:

Appellants, the Pennsylvania Secretary of Transportation *et al.*, represented by the Pennsylvania Office of the Attorney General, sought to appeal from a November 19, 1986 order of the district court, 647 F.Supp. 1479, enjoining enforcement of certain provisions of Pennsylvania law held to be inconsistent with, and preempted by, the federal Surface Transportation Assistance Act of 1982, 49 U.S.C. § 2301 *et seq.*

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), notice of appeal was due to be filed on or before December 19, 1986. On December 18, 1986, one day before the 30 day limit for filing expired, counsel prepared a notice of appeal. The notice properly identified the case, docket number and district judge but erroneously listed the district as Eastern rather than Middle District of Pennsylvania. As a result of this error, the notice was mailed to the Eastern District rather than being hand delivered that day to the Middle District Clerk's Office in Harrisburg, adjacent to the Attorney General's Office.[1]

Notice arrived at the Eastern District on December 22, 1986. Upon detection of the error, the notice was immediately forwarded to the Middle District where it arrived on December 24, 1986, five days after the December 19, 1986 deadline.[2] The appeal was promptly docketed as No. 87–5018.

As the timely filing of an appeal is an issue of jurisdictional import, on January 14, 1987, the Clerk of this court notified counsel of the possible procedural defect resulting from the delay. It is undisputed that counsel for defendants was not aware of the error until this time. Seeking to cure the defect, counsel immediately applied to the district court for a five day

---

Accordingly, in the normal course of events, the notice of appeal completed on December 18, 1986 would have been filed in the Middle District's Clerk's Office that same day, one day before the deadline.

2. Counsel for plaintiff does not challenge the timeliness of its receipt of the Notice. There is nothing before the court to suggest that plaintiff was not aware of the appeal on or before December 19, 1986.

extension of time in which to appeal so that the Notice, filed on December 24, 1986, could be deemed timely filed. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), a party who files for an extension of the 30 day appeal period after that period has expired must demonstrate "excusable neglect" in order to receive an extension.

The district court denied plaintiff's application reasoning that a clerical error made by counsel or someone under counsel's control can never constitute "excusable neglect" within the meaning of 4(a)(5). Plaintiff filed this timely appeal, No. 87–5122, from the denial of its application. Proceedings in this appeal were expedited and proceedings in No. 87–5018 were stayed pending a decision here.

 As set forth in *Pedereaux v. Doe,* 767 F.2d 50, 51 (3d Cir.1985), our standard of review is mixed. Review of the district court's interpretation and application of Rule 4(a)(5) is plenary. The court's denial of the requested extension is limited to an abuse of discretion review. Finding that the district court erred as a matter of law in its rigid application of 4(a)(5), we now reverse.

The issue before this court is whether the inadvertent misdirection of a notice of appeal, which results in untimely filing, constitutes excusable neglect within the meaning of Federal Rule of Appellate Procedure 4(a)(5).[3]

The district court concluded that conduct under the control of counsel cannot come within the excusable neglect exception. The court began its analysis by recognizing, correctly, that the standard for determining excusable neglect is "a 'strict' one," and that excusable neglect applies only to "extraordinary cases where injustice would otherwise result." *See* Advisory Committee Notes to 1966 amendment to Federal Rule of Civil Procedure 73, the predecessor of Fed.R.App.Proc. 4(a). Believing that

counsel's inadvertent misdirection could not constitute an "extraordinary circumstance" sufficient to establish excusable neglect, the district court denied the requested extension.

Relying heavily on the Ninth Circuit's opinion in *State of Oregon v. Champion International Corp.,* 680 F.2d 1300 (9th Cir.1982), the district court reasoned that "extending the excusable neglect exception to clerical errors of counsel or counsel's staff would be inconsistent with the Advisory Committee's intent to limit the exception to extraordinary cases and would thwart the Rule's purpose of promoting finality of judgments." *Id.* at 1301. In *State of Oregon,* appellant inadvertently mailed the notice of appeal to the state rather than the federal district court. The error caused the notice to arrive in federal court one day after the filing period. A two judge majority held that this was not excusable neglect. *See also Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409 (9th Cir.1986) (adopting *State of Oregon's* strict interpretation of Rule 4(a)(5)).

The district court in the instant case interpreted Rule 4(a)(5) to require establishment of a *per se* rule that whenever counsel had, or should have had, "control" over the underlying error, such error could not, as a matter of law, constitute excusable neglect. The court placed much emphasis on the fact that the inadvertent misdirection "occurred within counsel's own office"; concluding that if counsel's inadvertent misdirection were excused, "we are hard pressed to discern a principle that would delineate excusable from inexcusable neglect." *See* Appendix at 23a, 26a. Consistent with the district court's interpretation, only those unavoidable errors which result through no fault of counsel, and are beyond counsel's control, qualify as instances of excusable neglect within the

---

3. Fed.R.App.Proc. 4(a)(5) provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by the Rule...." The parties agree that the "good cause" language does not

apply here since an extension of time for good cause is available only if the request is made within the original 30 day period for taking the appeal. Any request for extension filed after the original period has run is governed by the excusable neglect standard. Fed.R.App.Proc. 4(a)(5), 1979 Advisory Committee Note.

meaning of 4(a)(5). This court cannot agree.

■ We find it clear from the language of Rule 4(a) itself that the concept of excusable neglect encompasses more than acts, omissions, or events beyond the control of appellant and appellant's counsel. Section 4(a)(1) provides that if a notice of appeal is mistakenly filed in the court of appeals, rather than the district court, the clerk of the court of appeals shall automatically transfer the appeal and it shall be deemed filed on the date it was received by the circuit court. As eloquently stated by the dissent in *State of Oregon, supra:*

> [t]his example evidences the drafters' intent that de minimis instances of neglect, such as the misaddressing of an envelope, be excused. To hold that mailing a notice of appeal to the [wrong] court is inexcusable although the rules explicitly require an opposite result if notice is mistakenly sent to the court of appeals defies explanation.

*State of Oregon, supra,* at 1302.[4]

■ By limiting applicability of the excusable neglect exception to errors beyond counsel's control, the district court ignored Rule 4(a)(5)'s purpose of excusing "neglect." The district court's holding effectively writes the "excusable neglect" standard out of Rule 4(a)(5). Accordingly, this court finds that the district court erred as a matter of law in its interpretation and application of Rule 4(a)(5).

■ In addition, this court rejects the district court's attempt to establish a *per se* rule against applying excusable neglect to inadvertence of counsel. Rule 4(a)(5)'s excusable neglect standard requires a case-by-case analysis. In order to judiciously apply the standard, a court must, at a minimum, make findings as to the reasons underlying counsel's inadvertence. There is a qualitative distinction between inadvertence which occurs despite counsel's affirmative efforts to comply and inadvert-

ence which results from counsel's lack of diligence.

■ Although every case must be examined on an ad hoc basis and it is impossible to compose an exhaustive list of factors relevant to a determination of whether excusable neglect has occurred, a thoughtful analysis of this issue in a particular context will, at a minimum, require a weighing and balancing of the following factors: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin,* 724 F.2d 484 (5th Cir.1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir.1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia,* 508 F.Supp. 187 (E.D.Va.1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia,* 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

■ Applying these factors to the case at bar, the court finds that counsel's error was not the result of professional incompetence; that counsel is not attempting to create a facile excuse by which to extend the time for appeal, indeed counsel gained no advantage by the misdirection; and that the type of human error here involved, though certainly avoidable, is neither readily foreseeable nor capable of anticipation by counsel. This court is satisfied that counsel acted with due diligence even if not

---

4. Even if the Notice of Appeal here at issue had been deemed filed on the day of its receipt by the Eastern District, it would still have been three days late. Though application of Rule 4(a)(1)'s reasoning would not have rendered the

Notice timely, 4(a)(1)'s underlying purpose, namely to excuse instances of de minimis neglect supports application of the excusable neglect exception in this case.

perfect diligence in complying with Rule 4(a)(5). The record reflects substantial good faith efforts to comply including recognition of the 30 day limit for filing appeals, completion of the Notice of Appeal within the 30 day limit, and timely service of the Notice upon opposing counsel, such that plaintiffs suffered no prejudice as a result of counsel's error. Moreover, counsel acted expeditiously in seeking to cure the delay, applying for an extension of time immediately upon learning of his error.

█ This court interprets Rule 4(a)(5) to require a finding of excusable neglect in those instances where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved. For these reasons, the court holds that counsel's inadvertent misdirection of the Notice of Appeal is excusable.[5]

Though this court does not deny that counsel's error could have been detected by careful proofreading, the court recognizes that even the most diligent practitioners are susceptible to such human error. To declare the acts here involved inexcusable sets no standard to guide future conduct by members of the bar. Precisely because such error can escape undetected even in the most carefully run offices, the district court's application of the excusable neglect standard serves little deterrent purpose. Members of the bar do not have to be reminded to address their mail accurately or caption their cases properly. While the district court's application may effectively deter incompetence, or callous disregard for the rules, the susceptibility to human error is not readily capable of regulatory control.

Finally, this court finds that the district court's singular focus upon the need to promote finality of judgments distorted the

proper application of Rule 4(a)(5). The interest in finality must be balanced against the need to allow justice to take its course, and not have it thwarted by some minute technical error. *See Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5, 8 (5th Cir. 1970). The finality doctrine and the rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where as here the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

The case at hand is distinguishable from this court's ruling in *Braxton v. HHS*, 817 F.2d 238 (3d Cir.1987). In *Braxton*, we were asked to decide whether counsel's failure to monitor the service of process by a private process server constituted sufficiently "good cause" under Rule 4(j) to excuse untimely service of a complaint. We concluded that it did not. *Braxton*, 817 F.2d at 242; *see Lovelace v. Acme Markets*, 820 F.2d 81 (3d Cir.1987) (following the rule of *Braxton* ).

Although counsel in the case before us could be said to have failed to monitor whoever caused the wrong caption to be placed on the notice of appeal, the situation in *Braxton* and that now before us are not at all comparable. In *Braxton*, the court based its holding on the following crucial facts emphasized in the opinion:

> Plaintiff filed her complaint in the district court on September 18, 1985, the last day under the statutorily authorized limitations period. 28 U.S.C. § 2401(b). That same day, pursuant to the plain-

**5.** Other courts have reached similar conclusions though without an analysis of their reasons. *See e.g., Myers v. Stephenson*, 781 F.2d 1036 (4th Cir.1986) (pro se appellant's misdirection of notice of appeal to the wrong division of the court held "obviously" excusable); *Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196 (5th Cir.1980) (though erroneous docket number listed on the notice of appeal was not corrected until the period for appeal expired, court held this "clearly" excusable neglect).

tiff's motion, Dennis Richman Services, Inc. was appointed to serve the summons and complaint.

\* \* \* \* \* \*

[T]hree months after turning the papers over to the Richman organization, [counsel] became aware that service had not been made. At that point, approximately one month remained before the 120–day period would expire. As far as the record reveals, the lawyer accepted Richman's assurance that service would be completed in time and did nothing further to monitor the procedure. The district court was given no reason why Richman did not, or could not, carry out its assignment during the time remaining.

The district court was confronted with a situation in which plaintiff's counsel knew that the process server was dilatory yet took no steps to insure that defendant would be timely served....

817 F.2d at 239, 242. Thus, counsel in *Braxton* had reason to know that there was a significant danger of non-compliance with the deadline and simply ignored the risk. The *Braxton* court found that accepting such performance as good cause would be inconsistent with its obligation to insure that the "well-considered requirements of the rule" not be "disregarded with impunity." 817 F.2d at 241.[6]

As noted above, counsel's inadvertence in this case did not result from a lack of diligence, nor was counsel seeking to disregard Rule 4(a)(5)'s mandate with impunity. Unlike the attorney in *Braxton*, counsel in this matter made substantial good faith efforts to comply. Unlike *Braxton*, where counsel, despite knowledge that the process server was dilatory, took no action to insure that process would be timely served, counsel in this case did not willfully ignore his obligation under the rules, but rather fell victim to human error. For these reasons, the court's decision today is in no way precluded by its earlier ruling in *Braxton*.

The court's decision today does not require the absolution of any and all clerical errors committed by counsel as excusable neglect within the meaning of Rule 4(a)(5). The threshold requirement of establishing substantial good faith efforts to comply readily eliminates the most common errors from the excusable neglect analysis. This court has attempted to articulate certain factors to guide the excusable neglect determination recognizing that application of Rule 4(a)(5) requires careful case-by-case analysis. In exercising their discretion, district courts should weigh these factors carefully and rely on the facts of a particular case in order to find the neglect excusable or not.

We decline to hold that failure to proofread a caption must be deemed inexcusable in every case. In the factual context of this case, we hold that such a failure was excusable. Accordingly, the order denying defendant's motion under Rule 4(a)(5) will be reversed and the case will be remanded so that the district court may enter an order granting the motion for an extension of the time for appeal and approving *nunc pro tunc* the filing of the notice of appeal on December 24, 1986. We approved a similar procedure in *Torockio v. Chamberlain Mfg. Co.*, 456 F.2d 1084 (3d Cir.1972). When this order has been entered the stay in No. 87–5018 will be vacated and that appeal will proceed to a resolution on the merits.

**6.** Similarly, *Lovelace v. Acme Markets,* 820 F.2d 81 (3d Cir.1987) is distinguishable from the case at hand. In *Lovelace,* counsel had reason to suspect that the process server would not meet the service deadline because of the absence of a return of service. Counsel's willingness to permit the 120–day period to lapse without requiring adequate proof of service reflected a lack of diligence in contravention of the well-considered requirements of Rule 4(j).