SYNALLOY CORPORATION, Plaintiff,

v.

Richard E. GRAY, Chariot Holdings, Ltd., Chariot Plastics, Inc., and The Chariot Group, Inc., Defendants.

The CHARIOT GROUP, INC., Counterclaimant,

v.

SYNALLOY CORPORATION, James G. Lane, Jr., Richard E. Ingram, C.D. Vinson, Sibyl N. Fishburn and Glenn R. Oxner, Counterclaim Defendants.

Civ. A. No. 91–305 MMS.

United States District Court, D. Delaware.

Sept. 24, 1993.

See, also, 816 F.Supp. 963.

Edmond D. Johnson, of Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for plaintiff and counterclaim defendants.

Henry A. Heiman, of Heiman, Aber & Goldlust, Wilmington, DE, for defendants and counterclaimant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Defendants, Richard E. Gray, Chariot Holdings Ltd., Chariot Plastics, Inc. and the Chariot Group, Inc. have moved for an extension of time for filing a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Defendants assert that their failure to file a timely notice of appeal was the result of excusable neglect. Plaintiff, Synalloy Corporation, opposes defendants' motion. For the reasons which follow, defendants' motion will be denied.

### I.

On May 13, 1993, the Court entered its final order which is the subject of the present motion. D.I. 66. Defendants' local counsel received a copy of the final order on May 14, 1993.[1] According to local counsel's standard office operating procedures, his paralegal was responsible for forwarding a copy to out-of-state counsel and then placing the final order on local counsel's desk. On May 14, 1993, local counsel's paralegal received an emergency telephone call that her brother had been hospitalized with a probable cerebral aneurism. Once she had processed the matters on her desk, the paralegal left the office and did not return until Monday, May 17. After she departed, another staff member placed the Court's final order on local counsel's desk, which he assumed had been processed by his paralegal and forwarded to lead counsel. Accordingly, local counsel placed the final order in his office file jacket.

On June 22, 1993, lead counsel telephoned local counsel to inquire when a final order would be issued. At that time, local counsel discovered neither lead counsel nor the clients had received a copy of the final order. Seven days later, on June 29, 1993, local counsel filed a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b). D.I. 67. On September 8, 1993, local counsel submitted a letter memorandum requesting the motion to vacate be recast as a motion for extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5). The Court will now address the merits.

### II.

Defendants' motion for an extension of time for filing a notice of appeal presents two issues: (1) whether defendants' motion was timely filed; and (2) whether defendants have demonstrated excusable neglect.

### A. Timeliness

■ Federal Rule of Appellate Procedure 4(a)(1) requires a notice of appeal "be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from". Fed.R.App.P. 4(a)(1). The final order was entered on May 13, 1993. By the terms of Rule 4(a)(1) defendants had until June 12, 1993 to file a notice of appeal. Defendants did not file a notice of appeal by this deadline.

■ Defendants, however, properly moved for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5), which provides in relevant part that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed.R.App.P. 4(a)(5). Defendants, if they show excusable neglect,[2] could have moved for an extension

---

1. For purposes of this opinion, the Court adopts the factual background as supplied in local counsel's letter memorandum to the Court dated September 8, 1993. D.I. 70. The Court notes, however, that it would have preferred a sworn affidavit as to the facts contained therein.

2. The good cause language of Rule 4(a)(5) does not apply to this case because "an extension of time for good cause is available only if the request is made within the original 30 day period for taking the appeal. Any request for extension filed after the original period has run is governed by the excusable neglect standard." *Consolidat-*

of time for filing a notice of appeal until July 12, 1993.[3] On June 29, 1993, defendants filed a motion to vacate, which at defendants' request, the Court has recast as a motion for an extension of time to file a notice of appeal. Because defendants filed their motion before the July 12 deadline, the motion to extend is timely under Rule 4(a)(5).

## B. Excusable Neglect

 To prevail on their motion, defendants must show their failure to file by the June 12 deadline was the result of excusable neglect. Fed.R.App.P. 4(a)(5). The Third Circuit Court of Appeals has enumerated factors which district courts must consider in determining if a party has demonstrated excusable neglect: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; and (5) whether the court is satisfied the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 919 (3d Cir.1987), *cert. denied sub nom., Consolidated Freightways Corp. v. Secretary of Transp.*, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988). The court also emphasized that the above factors are not exhaustive and that each motion must be examined on its own facts. *Id.* Finally, the Third Circuit appellate court has ruled that excusable neglect under Federal Rule of Appellate Procedure 4(a)(5) must be shown up to the actual day the motion to extend time is filed. *Pedereaux v. Doe*, 767 F.2d 50, 51 (3d Cir.1985).

In the present matter, some of the factors militate against finding excusable neglect, while others suggest excusable neglect is present. Factors three and five suggest this is an instance of excusable neglect. Defendants' local counsel could not have foreseen that standard office procedures would not be followed in the instant case. He could not have anticipated that his paralegal's family emergency would cause a breakdown in the normal channels of communication with out-of-state counsel. Likewise, the Court is satisfied that the inadvertence resulted despite counsels' good faith efforts at compliance.

Other factors, however, suggest that defendants have not shown excusable neglect. Defendants concede the asserted inadvertence is easily fabricated and cannot be verified by the Court. .D.I. 70. Likewise, the fourth factor tends to show that this is not an instance of excusable neglect. In *Consolidated Freightways*, counsel's error was one of commission. Prior to expiration of the 30 day period for appeal, counsel incorrectly filed the appeal in the Eastern District, as opposed to the Middle District, of Pennsylvania. 827 F.2d at 917. Here, however, counsel's error was one of omission: he did not forward the final order to out-of-state counsel. As the court noted in *Consolidated Freightways*, "[t]here is a qualitative distinction between inadvertence which occurs despite counsel's affirmative efforts to comply and inadvertence which results from counsel's lack of diligence." 827 F.2d at 919. Local counsel's failure to confer with out-of-state counsel regarding the status of a possible appeal shows a lack of diligence. *Cf. Hall v. Community Mental Health Ctr.*, 772 F.2d 42, 45 (3d Cir.1985) (plaintiff's counsel made no inquiries about the status of his case, violating his duty to monitor its progress and demonstrating a lack of diligence). While the issue is not free from doubt, balancing the appropriate criteria leads the

---

*ed Freightways Corp. v. Larson*, 827 F.2d 916, 918 n. 3 (3d Cir.1987), *cert. denied sub nom., Consolidated Freightways Corp. v. Secretary of Transp.*, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988).

**3.** District courts do not have discretion to grant a motion to extend the time for filing a notice of

appeal based on excusable neglect when the motion is made more than sixty days after the date of entry of the judgment or order. *IUE AFL–CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 122 n. 1 (3d Cir.1986); *West v. Keve*, 721 F.2d 91, 97 (3d Cir.1983).

Court to conclude defendants' motion should be denied.

■ Even if the Court were to find on balance that the facts suggested excusable neglect, it would be compelled to rule against defendants because defendants have failed to show excusable neglect up to the actual day they filed their motion to extend. *See Pedereaux*, 767 F.2d at 52. In *Pedereaux*, the thirty day period to file a notice of appeal expired on April 23, 1984. On April 20, counsel went to California to be with his father who had suffered a severe debilitating accident. Counsel returned to his practice on April 27, but did not file a motion to extend until May 9. In affirming the district court's ruling that counsel had not shown excusable neglect for the twelve days between May 27 and June 9, the court noted: "[i]t simply is not overly burdensome to require a putative appellant, who has already missed the 30 day or 60 day mandatory appeal date of Rule 4(a)(1) because of 'excusable neglect,' to file immediately a Rule 4(a)(5) motion to extend when the excuse no longer exists." *Id.* This holding reflects a common sense interpretation of Rule 4(a)(5) which promotes the purpose of efficient and timely adjudication of appeals.[4]

As presented by defendants, out-of-state counsel first became aware of the final order on June 22, 1993. Yet the motion to extend the time for filing a notice of appeal was not filed until June 29, 1993. Accordingly, as defendants have not demonstrated excusable neglect for the seven day period between June 22 and June 29, this Court will apply the reasoning of *Pedereaux* and deny the motion to extend.[5]

### III.

For the foregoing reasons, defendants' motion to extend the time for filing a notice of appeal is denied. An appropriate order will issue.

---

[4]. *Accord Lowry v. Long Island R.R. Co.*, 370 F.2d 911 (2d Cir.1966); *but see Hiab Cranes & Loaders, Inc. v. U.S. Truck Cranes, Inc.*, 125 F.R.D. 107 (M.D.Pa.), *aff'd*, 882 F.2d 511 (3d Cir.1989) (finding excusable neglect despite six day delay from discovery of omission until filing of motion to extend).

[5]. At least one circuit has evaluated the existence of excusable neglect where, as here, counsel fails to notify co-counsel of the trial court's issuance of a final order. *See Cohen v. Plateau Natural Gas Co.*, 303 F.2d 273 (10th Cir.1962), *cert. denied*, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (stating, in dictum, it was doubtful excusable neglect existed as a matter of law where local counsel received notice of date of judgment while out-of-state lead counsel did not); *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir.1974), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42

L.Ed.2d 270 (reversing district court's grant of a motion to extend as an abuse of discretion where one counsel of record received notice of entry of order and principal counsel did not due to a "lack of communication between counsel").

The Court also notes that the parties' failed to address whether principles of agency law would prevent a finding of excusable neglect where local counsel fails to notify lead counsel of entry of a final order. If agency principles do apply, it is arguable out-of-state counsel had constructive knowledge of the final order as of May 14, 1993, thereby extending the period during which defendants have failed to demonstrate excusable neglect. Counsel would then face a seemingly insurmountable burden in establishing excusable neglect where local counsel failed to communicate his knowledge to lead counsel.