

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2003

# Acierno v. Cloutier

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1082

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Acierno v. Cloutier" (2003). *2003 Decisions.* Paper 257.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/257

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1082

———

FRANK ACIERNO,

Appellant

v.

PHILIP CLOUTIER; RICHARD CECIL;
ROBERT POWELL; ROBERT WOOD;
CHRIS ROBERTS; PENROSE HOLLINS;
KAREN VENEZKY; NEW CASTLE COUNTY

———

Appeal from the United States District Court
for the District of Delaware
(D.C. No. 92-cv-00385)
District Judge:  The Hon. Sue L. Robinson

———

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2003

Before:  MCKEE, SMITH, *Circuit Judges*, and SCHILLER,
*District Judge**

(Filed: September 24, 2003 )

———

_____

* Honorable Berle M. Schiller, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Frank Acierno appeals from the District Court's denial of a motion to reopen the time for him to file an appeal. In light of the record before us, the District Court did not abuse its discretion in denying that motion. We will affirm the Order of the District Court.

Because we write only for the parties in this matter, we will dispense with a full recitation of the facts and limit our discussion only to those facts relevant for the resolution of the issue on appeal. The District Court entered a summary judgment order on September 3, 2002, in favor of appellee County of New Castle (the "County"). On October 22, 2002, after the jurisdictional time limit for filing an appeal had expired, Mr. Oberly, counsel for Acierno, had a chance encounter with counsel for the County, Mr. Seitz, at the county courthouse. Oberly asserts that, during their conversation, he learned for the first time of the District Court's September 3, 2002 Order in Acierno's case. Three days later, Oberly filed on behalf of Acierno a Motion to Reopen the Time to File an Appeal pursuant to Fed. R. App. P. 4(a)(6). The District Court denied this motion in an Order issued November 20, 2002. The District Court reasoned that because 1) it had earlier "followed its customary procedure to serve copies of the court's order on local

counsel . . . and 2) the court's order was timely delivered to plaintiff's counsel of record by the United States Postal Service," Acierno had timely received notice of the entry of judgment. We review the District Court's decision to deny Acierno's Rule 4(a)(6) motion to reopen the time to file an appeal for abuse of discretion. *See Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 884 (3d Cir. 1987); *Pedereaux v. Doe*, 767 F.2d 50, 52 (3d Cir. 1985).

Acierno disputes the findings of the District Court. Mr. Oberly, Acierno's counsel, submitted a sworn affidavit stating that neither he nor any employee of his law office had seen a copy of the District Court's September 3, 2002 Summary Judgment Order. Furthermore, Oberly swore that no copy of the order, docket record, or other document in his office indicated that they had timely received a copy of the order. Acierno argues that due to the procedures used by his attorney's law firm in docketing opinions, orders, motions, *et al.* received, and the fact that there is no direct evidence that Oberly's office received a copy of the judgment, the District Court abused its discretion in denying his motion.

Nonetheless, the District Court had before it circumstantial evidence indicating that Acierno's counsel had timely received the judgment order. The docket at the District Court indicated that the clerk had mailed copies of the judgment to the parties' counsel of record. The clerk included a notation on the back of the September 3 Order indicating that the clerk's office had sent copies to both parties' counsel on September 4, 2003.

Counsel for the County then timely received its copy on September 5, 2003.

Weighing the competing evidence before it, the District Court found that Acierno's counsel timely received notice of the judgment. Based on the evidence in the record, we cannot say that the District Court abused its discretion in concluding that Acierno's counsel had timely received a copy of the September 3, 2002 Order. Therefore, we will affirm the Order of the District Court.

———————

TO THE CLERK:

Please file the foregoing opinion.

By the Court,

 /s/ D. Brooks Smith
Circuit Judge

DATED: September 24, 2003