BLD-287                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-3400

AMANDA C. LAOYE; AKINTOYE O. LAOYE,

                                                                Appellants

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ASSISTANT SECRETARY, UNITED STATES OF HOMELAND SECURITY,
IMMIGRATION AND CUSTOMS ENFORCEMENT;
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S.
DEPARTMENT OF HOMELAND SECURITY; JOHN DOE 1-2

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-09-cv-01990)
District Judge:  Honorable Mary L. Cooper

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 10, 2010

Before:  RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 4, 2010)

OPINION

PER CURIAM

       Pro se appellants, Amanda and Akintoye Laoye, are husband and wife.  On April

28, 2009, appellants filed a complaint in the United States District Court of the District of

New Jersey, followed by an amended complaint a week later. In their complaint, the Laoyes asserted that the defendants violated their constitutional rights during an immigration investigation and that Amanda Laoye was assaulted during Akintoye's apprehension on February 11, 2004. The defendants responded to the Laoyes' complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendants argued that the Laoyes' complaint was barred by the statute of limitations and insufficient to state a claim.

The District Court construed the Laoyes' complaint as one filed pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), and, in a Memorandum Opinion and Order entered on March 16, 2010, it granted defendants' motion and dismissed the amended complaint. The District Court concluded that the Laoyes' <u>Bivens</u> complaint was filed beyond New Jersey's two year personal injury statute of limitations. The District Court also concluded that, even if the Laoyes' claim were considered a tort claim against the federal government under the Federal Torts Claims Act, 28 U.S.C. § 1346(b), such a claim would be time barred under 28 U.S.C. § 2401(b), because they did not file an administrative claim within the two year statute of limitations. The District Court further denied Laoyes' request for a Cease and Desist Order seeking to preclude adverse immigration action from being taken against Akintoye Laoye during the pendency of their civil proceeding.

The Laoyes did not immediately seek review of the District Court's decision. Rather, they waited more than three months and then sought leave to have the appeal

2

period reopened in a motion filed on June 28, 2010. In that motion, the Laoyes asserted that their notice of appeal was delayed due to "severe health issues" which were beyond their control – namely, an assault upon Akintoye which occurred on January 31, 2010. The District Court denied the Laoyes' motion in an order entered on July 7, 2010. The District Court concluded that the assault on Akintoye and resulting injury did not constitute a showing of "excusable neglect or good cause" as required by Fed. R. App. P. 4(a)(5)(A)(ii), in light of the Laoyes' participation in the underlying civil action post-dating the assault. Of particular relevance to the court's determination was the filing of appellants' response to the defendants' motion to dismiss on March 4, 2010, and the fact that appellants successfully sought an extension of time to file that response by submitting a motion on February 9, 2010. The District Court further noted that the Laoyes' reopen motion was filed beyond the period permitted by Rule 4(a)(5)(A)(i) in any event. The Laoyes thereafter filed a notice of appeal on August 10, 2010.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. The scope of the appeal, however, is limited to review of the District Court's order denying the Laoyes' Rule 4(a)(5) motion insofar as their notice of appeal was not filed within sixty days of the entry of the District Court's order dismissing their amended complaint. See Fed. R. App. P. 4(a)(1)(B); Bowles v. Russell, 551 U.S. 205, 214 (2007). Having carefully reviewed the record in this case, we do not hesitate to conclude that the District Court committed no abuse of discretion in denying appellants' motion. See Pedereaux v. Doe, 767 F.2d 50, 52 (3d Cir. 1985).

3

As the District Court correctly determined, it was without authority to grant the Laoyes' reopen request insofar as the motion had been filed beyond the period permitted by Rule 4(a)(5)(A)(i). The Laoyes' reopen motion was filed on June 28, 2010. However, to be timely, their motion had to have been filed on or before June 14, 2010. While it appears that the Laoyes believe they had 180 days to file a timely motion, that provision of Rule 4(a) is simply not applicable to their situation as there has been no claim that they did not receive notice of the District Court's dismissal order. See Fed. R. App. P. 4(a)(6). Moreover, even if the Laoyes' Rule 4(a)(5) motion had been timely filed, the District Court certainly cannot be faulted for determining that they failed to demonstrate excusable neglect or good cause for not filing a timely notice of appeal when they were capable of submitting at least two other timely filings during the same period.

Accordingly, because the District Court did not abuse its discretion and no substantial question is presented by this appeal, we will summarily affirm that court's order denying the Laoyes' Rule 4(a)(5) motion. See Third Circuit LAR 27.4 and I.O.P. 10.6. Finally, because a request to reopen the appeal period is not an appropriate one to ask of an appellate court, see Fed. R. App. P. 26(b), we will deny the Laoyes' motion filed in this Court.

4